Reese, J.
delivered the opinion of the court.
1. In discussing the decree of the chancellor in this case, the complainants insisted, that the value of the Nashville Bank stock, the only subject in the bill, should, in taking the account between the parties, have been estimated as it existed in the year 1824, when the executor transferred the stock, then standing upon the books of the bank, in the name of the executor, to himself individually; and that interest from that time should have been computed *201 upon such ascertained value. The objection to the decree, we think, is well taken. For although there is no reason to question the fairness of the motives under which the defendant, in the transfer acted, still the transfer having been made to himself, and the stock having subsequently been used by him for his individual purposes it must be held to have been ah appropriation and conversion of the stock from the time of the transfer.
2. On the part of the defendant it is insisted, that the decree is erroneous in holding him liable to account for the $756, mentioned in the answer as the balance due from him on settlement with the commissioners of the county court of Montgomery county, and for which he then alledged he gave his note to complainant in the original bill, because no claim for it is set up in the bill, nor any charge on the subject made or even any interrogatory propounded, and because, therefore, not put in issue. And to maintain this ground we are referred to Story’s Eq. Pl. 36, and 88, and Gr’s Ev. 22, 23, 1 Ves. 338, 339.
This court, in the case of Rose vs. Mynatt, 7 Yerg. Rep., held that when a case is made out in the the answer differing in the grounds and principles of equitable relief from that set forth in the bill, still, if the answer shows a proper cause for relief, the court will decree it. But that case materially differs from this, for here the answer upon this point does not make out any case for relief. It contains the matter of charge, indeed, but it also contains the matter of discharge; the defendant says he paid the $756 to the son and agent of the complainant, with her authority and sanction. Here, then, is no case made out in the answer, upon which, of itself, the court would be warranted in grounding a decree. And if the complainants had wished to avail themselves of the matter of charge contained in the answer, and to disprove the matter of discharge also contained therein,'it would have been necessary to have amended the bill, and by proper allegations to have put the matter in issue. For the bill does not seek for an account of the administration, but goes for the thirty shares of Bank stock only. The fifty-five dollars, however, admitted in the answer and which the defendant acknowledges he still owes, stands upon a different ground, and falls within the principle of the case of Rose vs. Mynatt, above referred to. The decree will, therefore, be reformed in conformity with these views.